IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GREENWAY NUTRIENTS, INC.,

PLAINTIFF,

vs.

FULFILLMENT SOLUTION SERVICES, LLC, NEW EPIC MEDIA, LLC, SELACORP, LTD., SUPREME GROWERS LLC, VEGALAB, LLC., ANTHONY KORNRUMPF dba LOOKOUTDEALS.COM, STEVEN BLACKBURN, and DAVID SELAKOVIC,

DEFENDANTS.

_______________________________/

CASE NO.

**COMPLAINT**

Plaintiff Greenway Nutrients, Inc. ("Greenway") sues Defendants Fulfillment Solution Services, LLC, ("Fulfillment") New Epic Media, LLC. ("Epic"), Selacorp, Ltd. ("Selacorp"), Supreme Growers LLC. ("Growers"), HPC Acquisitions, Inc. ("HPC"), Growers Trust ("Trust"), Vegalab, LLC. ("Vegalab"), Anthony Kornrumpf dba Lookoutdeals.com ("Lookout"), Steven Blackburn ("Blackburn"), and David Selakovic ("Selakovic"), and says:

1. This is an action for damages in excess of $75,000.

**Parties**

2. Plaintiff Greenway is a Colorado corporation having its principal place of business in California.

3. Defendant Fulfillment is a Florida limited liability company having its principal place of business in Palm Beach County, Florida.

4. Defendant Epic is a Florida limited liability company having its principal place of business in Palm Beach County, Florida.

5. Defendant Selacorp is a Nevada limited liability company having its principal place of business in Palm Beach County, Florida.

6. Defendant Growers is a Florida limited liability company having its principal place of business in Palm Beach County, Florida.

7. Defendant Vegalab is a Delaware limited liability company having its principal place of business in Palm Beach County, Florida.

8. Defendant HPC is a Delaware corporation having its principal place of business in Palm Beach County, Florida.

9. Growers Trust is a limited liability company having its principal place of business in Palm Beach County, Florida.

10. Defendant Blackburn is a citizen of the State of Florida and is an officer or managing member of the corporate Defendants.

11. Defendant Selakovic is a citizen of Singapore who has substantial contacts with the State of Florida, and is an officer or managing member of the corporate Defendants.

12. Defendant Kornrumpf is a citizen of the State of Tennessee who has substantial contacts with the State of Florida.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter, pursuant to 28 U.S.C. Secs. 1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin / false or misleading advertising / unfair competition and dilution U.S.C. Sec. 1501 et seq. under the Lanham Act (15 j501(a).

14. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367(a) and 1338 (a)(b) over Plaintiff's additional claims.

15. This Court has personal jurisdiction over Defendants because Defendants are located within this Judicial District. Defendants each conduct business within this Judicial District, have purposefully directed action to this Judicial District, and have otherwise availed themselves of the privileges and protections of the laws of the State of Florida, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice. Defendants have committed acts of infringement and unfair competition in this Judicial District.

## General Allegations

16. Greenway is a manufacturer, formulator, and distributor of organic plant-based fungicides and pesticides, and holds a registered trademark for "Greenway Nutrients."

17. In February 2011, Greenway was introduced to Defendants Blackburn and Selakovic, who own or control the corporate Defendants.

18. In April and May 2011, Greenway and Epic entered into agreements whereby Epic was to design and manage Greenway's website and internet marketing. A copy of these agreements is attached as Composite Exhibit "A."

19. In June 2011, Greenway and Fulfillment entered into agreements whereby Fulfillment was to handle Greenway's order fulfillment needs. A copy of these agreements is attached as Composite Exhibit "B."

20. In February 2012, Defendant Blackburn and another representative of the corporate Defendants visited Greenway's facilities and gathered extensive confidential and

proprietary information, ostensibly for the purpose of facilitating performance by Epic and Fulfillment of their obligations under their Agreements with Greenway,

21. Unbeknownst to Greenway, in June 2012, Defendant Selakovic purchased a substantial interest in Greenway's exclusive supplier, Ecowin (located in South Korea and not a party to this action).

22. Sometime thereafter, Selakovic formed Defendant Vegalab, and later Defendants Growers and Trust, each of whom began selling "knock-off" Greenway products using Greenway's confidential and proprietary information and trade dress.

23. Greenway filed a previous action concerning these unlawful acts, but that action was dismissed without prejudice.

24. In October 2016, one or more of the corporate Defendants purported to grant a license for the sale of Greenway products to Defendant Kornrumpf who then began selling "Greenway" products through its Amazon store, LookoutDeals.com.

25. Greenway has suffered many millions of dollars in damages because of the wrongful actions described above.

26. All conditions precedent have been fulfilled or excused.

## Count One: Breach of Contract - Epic

27. Greenway re-alleges Paragraphs 1 – 26 above.

28. Epic breached its contract with Greenway by disclosing Greenway's confidential proprietary information, including its customer lists, to third parties, including its corporate siblings, who used the information to Greenway's detriment by selling actual Greenway product without remitting the proceeds to Greenway, and then selling counterfeit Greenway products under Greenway's labels.

29. Greenway has and continues to suffer damages including lost profits.

WHEREFORE Greenway demands judgment against Epic.

**Count Two: Breach of Contract - Fulfillment**

28. Greenway re-alleges Paragraphs 1 – 26 above.

29. Fulfillment breached its contract with Greenway by disclosing Greenway's confidential proprietary information, including its customer lists, to third parties, including its corporate siblings, who used the information to Greenway's detriment by selling actual Greenway product without remitting the proceeds to Greenway, and then selling counterfeit Greenway products under Greenway's labels.

30. Greenway has and continues to suffer damages including lost profits.

31. WHEREFORE Greenway demands judgment against Epic.

**Count Three: Statutory Trademark Infringement – All Defendants**

32. Greenway re-alleges Paragraphs 1 – 26 above.

33. Greenway has continuously used Plaintiff's Trademark in interstate commerce since at least as early as June 2010.

34. Greenway, as the owner of all right, title and interest in and to its Trademark, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. Sec. 1114.

35. Defendants are, and at the time of their actions complained of herein were actually aware that Greenway is the registered trademark holder of Plaintiff's Trademark.

36. Defendants did not and failed to obtain the consent or authorization of Greenway as the registered owner of Plaintiff's Trademark to deal in and commercially distribute, market and sell Greenway-Branded products bearing Plaintiff's Trademark into the stream of commerce.

37. Defendants intentionally and knowingly used in commerce reproductions, counterfeits, copies, and/or colorable imitations of Greenway's registered marks in connection with the sale, offering for sale, distribution, or advertising of products by offering, advertising, selling, and distributing counterfeit and/or unauthorized copies of Greenway's Branded products to resellers bearing Plaintiff's Trademark.

38. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademark and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.

39. Defendants thereupon imported, offered, advertised, sold, and distributed counterfeit and/or unauthorized copies of product in containers of Greenway-Branded Software bearing Plaintiff's Trademark.

40. Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized items bearing Plaintiff's Trademark is likely to cause confusion, to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that the items being offered for sale by Defendants are authentic products manufactured and distributed by Greenway.

41. Defendants' acts have been committed with knowledge of Greenway's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

42. Greenway has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Trademark and the goodwill associated therewith.

43. Defendants' continued and knowing use of Plaintiff's Trademark without Greenway's consent or authorization constitutes intentional infringement of Greenway's federally registered Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. Sec. 1114. Based on such conduct, Greenway is entitled to monetary damages and other remedies provided by Sec. 1116, Sec. 1117, and Sec. 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

WHEREFORE Greenway demands judgment against all Defendants.

**Count Four: Common Trademark Infringement – All Defendants**

44. Greenway re-alleges Paragraphs 1 – 26 above.

45. Greenway, as the owner of a11 common law right, title, and interest in and to Plaintiff's Trademark, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act Section 43(a) (15 U.S.C. Sec. 1125). Plaintiff s Trademark are inherently distinctive and/or have acquired distinctiveness.

46. Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks at are confusingly similar to Plaintiff's Trademark, and/or have made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the, connection or association of Defendants with Greenway, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

47. Defendant's conduct was and remains deliberate, willful, intended to cause significant consumer confusion, or to cause mistake or to deceive and in blatant disregard of Greenway's rights.

48. Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are

confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Trademark would cause confusion, mistake, or deception among purchasers, users and the public.

49. Defendants' continuing and knowing use of Plaintiff's Trademark constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. j1125(a), causing Greenway to suffer substantial injury.

50. Defendants' wrongful conduct has permitted or will perm it them to make substantial sales and profits on the strength of Greenway's marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Greenway has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial.

51. Greenway seeks an accounting of Defendants' profits, and requests that the Court grant Greenway three times that amount in the Court's discretion.

WHEREFORE Greenway demands judgment against all Defendants.

**Count Five: Dilution and Tarnishing – All Defendants**

52. Greenway re-alleges Paragraphs 1 – 26 above.

53. Defendants' unlawful actions began after Plaintiff's Trademark became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Greenway's reputation and to dilute Greenway's marks.

54. Defendants' conduct is willful, wanton and egregious.

55. Defendants' intentional sale of fake, pirated and counterfeit items bearing Greenway's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and

defraud consumers to believe that the substandard Greenway-Branded products are genuine Greenway products.

56. The actions of Defendants complained of herein have diluted and will continue to dilute Greenway's marks (including but not limited to Plaintiffs Trademark), and are likely to impair the distinctiveness, strength and value of Greenway's marks, and injure the business reputation of Greenway and its marks.

57. As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 1 5 U.S.C. section 1 125(c), Greenway is entitled to monetary damages and other remedies provided by 15 U.S.C. Secs. 1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

WHEREFORE Greenway demands judgment against all Defendants.

**Count Six: Contributory Infringement**

58. Greenway re-alleges Paragraphs 1 – 26 above.

59. Greenway, as the owner of al1 right, title and interest in and to Plaintiff s Trademark, has standing to maintain an action for contributory trademark infringement under the Trademark Statutes (15 U.S.C. Secs. 1114, 1125) and common law.

60. Defendants have supplied and continue to supply counterfeit and/or unauthorized containers of Greenway-Branded products bearing Plaintiffs Trademark to resellers located throughout the United States, who in turn sell and/or distribute the Greenway-Branded product to end users.

61. Defendants' resellers did not and failed to obtain the consent or authorization of Greenway as the registered owner of Plaintiff's Trademark to deal in and commercially

distribute, market and sell Greenway-Branded products bearing Plaintiff's Trademark into the stream of commerce.

62. Defendants' resellers used in commerce reproductions, counterfeits, copies, and/or colorable imitations of Greenway's registered marks in connection with the sale, offering for sale, distribution, or advertising of products by offering, advertising, selling, and distributing counterfeit and/or unauthorized copies of Greenway-Branded products to resellers bearing Plaintiff's Trademark.

63. Defendants' resellers reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademark and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.

64. Defendants' resellers thereupon offered, advertised, sold, and distributed counterfeit and/or unauthorized copies of Greenway-Branded products bearing Plaintiff's Trademark.

65. Defendants' reseller's use, distribution, and sale counterfeit and/or unauthorized item s bearing Plaintiff's Trademark is likely to cause confusion, to cause mistake, Defendants' resellers' or to deceive, mislead, betray, and defraud consumers who believe that the items being offered for sale by Defendants are authentic products manufactured and distributed by Greenway.

66. Defendants have actual knowledge of the illegal and infringing activities of their resellers from, among other things, notifications from their resellers as well as the fact that Defendants are themselves supplying the resellers with the infringing products.

67. Defendants have deliberately disregarded these notices and have intentionally knowingly and willfully continued to engage in their infringing activities.

68. Defendants have materially encouraged, enabled, induced, and contributed to the infringing conduct of their resellers by supplying counterfeit and/or unauthorized Greenway-Branded product bearing Plaintiff's Trademark to these resellers. Defendants continue to solicit and encourage business from resellers.

WHEREFORE Greenway demands judgment against all Defendants.

69. Greenway demands trial by jury on all issues so triable.

Dated this 7 day of June, 2017.

**BOYES, FARINA & MATWICZYK, P.A.**

By:____________________________

John Farina, Esq.
Attorney for Plaintiff
Florida Bar No. 612146
3300 PGA Blvd. Ste. 600
Palm Beach Gardens, FL 33410
Telephone: (561) 694-7979
Telefax: (561) 694-7980
Email: jfarina@BFMlaw.com
kjudd@BFMlaw.com
jdaily@BFMlaw.com